SAMUEL DALY, Respondent, v. JOHN A. CRAWFORD,
Appellant.

(County Court, Orange County, May, 1911.)

Sales — Transition of title — Payment — Necessity.

> Where one purchases goods at auction sale, to be paid for in
> cash or on six months' credit on approved notes, no goods to be
> removed until settled for, the purchaser cannot maintain an action
> to recover the goods until he has either paid for them in cash or
> tendered to the seller a note which the latter is bound to accept.

APPEAL by the defendant from a judgment of justice's
court, town of Wallkill, Orange county, David W. Shaw,
justice of the peace, in favor of plaintiff for fifty-two dollars
damages and costs.

Russell Wiggins, for appellant.

J. E. Barnes, for respondent.

SEEGER, J. The action was brought to recover the pos-
session of four tons of hay of the value of fifty-two dollars,
which plaintiff bid in at an auction sale, held by the de-
fendant, and which plaintiff claims was his property and of

which he was entitled to the possession, by reason of the fact that he had complied with the terms and conditions of the sale and demanded of defendant the delivery of the hay, which the defendant refused and which he wrongfully detained.

It was conceded by the parties' that the terms of sale provided that all goods purchased were to be paid for in cash or six months' credit on approved notes, and no goods were to be removed until settled for. The plaintiff bid in four tons of hay and left the sale without paying for the same and returned a later day and tendered a note made by himself and his daughter. The defendant refused to approve and accept the note, and also refused to deliver the hay, basing his refusal upon the ground that the plaintiff was already indebted to him.

It is my opinion that the plaintiff was not entitled to recover for the following reasons: Before the plaintiff became entitled to the hay it was incumbent upon him to comply with the terms of the sale; this he did not do. He neither paid for the hay in cash nor delivered nor tendered to defendant a note which the defendant was bound to accept. The defendant had a right to reject the note if he did not know and the plaintiff did not satisfy him that the note was good for the amount of the indebtedness. Defendant's testimony shows that he did not know that the makers of the note were solvent; he did know that plaintiff was indebted to him. These facts were not controverted. The title to the hay did not pass to the plaintiff until he fully complied with the terms of the sale, that is, paid for the goods. Herring v. Hoppock, 15 N. Y. 409–411; Noel v. Murray, 13 id. 167–171. He had no title until he tendered to defendant a note which defendant either knew or had the means afforded to him of conveniently ascertaining to be unequivocally good, or such as a prudent and discreet man would, under the circumstances of the case, accept. Hicks v. Whitmore, 12 Wend. 548; Adams v. Ives, 63 N. Y. 651.

The judgment should, therefore, be reversed, with costs.

Ordered accordingly.